IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIE M. GABREE,

       Plaintiff,                       No. CIV S-07-0713 DAD

      v.

MICHAEL J. ASTRUE,              <u>ORDER</u>
Commissioner of Social Security,

       Defendant.

          Plaintiff brought this action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. By order of the court filed April 28, 2009, plaintiff's motion for summary judgment and/or remand was granted, defendant's cross-motion for summary judgment was denied, the decision of the Commissioner was reversed and the case was remanded with the direction to award plaintiff benefits. (Doc. No. 21.) Counsel for plaintiff has filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b).[1]

          Plaintiff and her counsel at the outset entered into a 25 % contingent-fee agreement. Exhibit to Whitaker Decl. (Doc. No. 25-2). Plaintiff's counsel now seeks attorney

---

[1] The undersigned apologizes to plaintiff and her counsel, for the delay in the issuance of this order. The court will be taking steps to ensure that such delay does not occur in the future.

1

fees in the amount of $26,020.75, which represents 25 % of the retroactive disability benefits received by plaintiff on remand, for 23.5 hours of attorney time and 14.25 hours of paralegal time expended on this matter.  Plaintiff has filed a declaration, swearing under penalty of perjury, that she has read the motion for attorney fees filed by her counsel, agrees with his request for an award of fees and agrees with the amount requested by her counsel.  Defendant has not filed any response to the motion.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  Although a attorney fee award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has standing to challenge the award.  Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989).  The goal of fee awards under § 406(b) is to provide adequate incentive to attorneys for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted.  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808). The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for noncontingent cases. Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808). Below the court will consider these factors in assessing whether the fee requested by counsel pursuant to 42 U.S.C. § 406(b) is reasonable.

      Here, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel. Rather, counsel is an experienced attorney who secured a successful result for plaintiff. There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The court finds that the $26,020.75 fee, which represents 25 % of the past-due benefits paid to plaintiff, is not excessive in relation to the past-due award. See Gabree Decl. (Doc. No. 23); Exhibit to Whitaker Decl. (Doc. No. 25-1). In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms. See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003). Finally, counsel has submitted detailed billing statements in support of the requested fee.

      Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable. See generally Taylor v. Astrue, No. 1:06-cv-

00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition pursuant to 406(b) for $20,960 in attorneys' fees); <u>Jamieson v. Astrue</u>, No. 1:09cv0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in attorney fees pursuant to 406(b)); <u>Logan-Laracuente v. Astrue</u>, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition pursuant to 406(b) for $23,558.62 in net attorneys' fees).

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion for attorney fees (Doc. No. 24) under 42 U.S.C. § 406(b) is granted; and

        2. Counsel for plaintiff is awarded $26,020.75 in attorney fees under § 406(b). The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of his withheld benefits.

DATED: October 18, 2011.

                                              *signature*
                                              DALE A. DROZD
                                              UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.socsec/gabree0713.attyfees.406b